IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 09-5104 |
| v. | ) | |
| | ) | CONSENT DECREE |
| | ) | |
| CITY AND COUNTY OF SAN FRANCISCO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TABLE OF CONTENTS

I.      JURISDICTION AND VENUE .................................... 4

II.     APPLICABILITY ............................................. 5

III.    DEFINITIONS ............................................... 5

IV.     CIVIL PENALTY ............................................. 9

V.      COMPLIANCE REQUIREMENTS .................................. 11

VI.     REPORTING REQUIREMENTS ................................... 13

VII.    STIPULATED PENALTIES .................................... 15

VIII.   FORCE MAJEURE ........................................... 19

IX.     DISPUTE RESOLUTION ...................................... 21

X.      INFORMATION COLLECTION AND RETENTION .................... 23

XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS .............. 25

XII.    COSTS ................................................... 27

XIII.   NOTICES ................................................. 27

XIV.    EFFECTIVE DATE .......................................... 29

XV.     RETENTION OF JURISDICTION ............................... 29

XVI.    MODIFICATION ............................................ 29

XVII.   TERMINATION ............................................. 29

XVIII.  PUBLIC PARTICIPATION .................................... 31

XIX.    SIGNATORIES/SERVICE ..................................... 31

XX.   INTEGRATION ........................................... 32

XXI.  FINAL JUDGMENT ........................................ 32

XXII. APPENDICES ............................................ 33

A.    Plaintiff United States of America, on behalf of the
United States Environmental Protection Agency ("EPA"), has filed
a complaint in this action concurrently with this Consent Decree
alleging that Defendant, City and County of San Francisco,
violated Sections 311(b)(3), 301(a) and 307(d) of the Clean
Water Act ("CWA"), 33 U.S.C. § 1321(b)(3), 1311(a), 1317(d); 40
C.F.R. Part 112, promulgated by EPA pursuant to Section 311j of
the Clean Water Act, 33 U.S.C. 1321j; 40 C.F.R. § 403.5(b)(7),
promulgated by EPA pursuant to Section 307(d) of the CWA, 33
U.S.C. § 1317(d); and 40 C.F.R. § 280.50 and § 280.52(a),
promulgated by EPA pursuant to Section 9003(a) of the Resource
Compensation and Recovery Act ("RCRA"), 42 U.S.C. § 6991b(a).

B.    The Complaint against Defendant alleges, pursuant to
Sections 311(b) and 309(b) of the CWA, 33 U.S.C. §§ 1321(b) &
1319(b), and Section 9006(a)(1) of RCRA, 42 U.S.C. §
6991e(a)(1), that diesel fuel was released from the underground
storage tanks at Defendant's Woods Motor Coach refueling
facility in late November and December 2005.

C.    The Complaint also alleges that Defendant failed to
comply with RCRA Subtitle I requirements for the management of
underground storage tanks ("USTs"), including the disabling of
an audible alarm system intended to alert operators to an

-1-

ongoing release of diesel, failure to respond to flashing yellow alarm lights triggered by tank sensor alarms in full alarm mode, and failure to maintain a written log noting the status, source, or reason for alarms; failure to use fuel inventory controls to monitor and observe that it was losing fuel from the tanks at a constant conspicuous rate, inadequate containment, and a known kink and bulge in a faulty, braided, flexible hose that ultimately failed.

D.   The Complaint further alleges that diesel fuel entered a storm drain and caused interference at the SFPUC Southeast Water Collection system Bruce Flynn Pump Station, and that Defendant  violated spill prevention requirements at three other facilities: the Flynn Facility, located at 15th and Harrison Street; the Kirkland Facility, located at 151 Beach Street; and the Marin Facility, located at 1399 Marin Street, including requirements to maintain and implement Spill Prevention Control and Countermeasure ("SPCC") Plans.

E.   In addition to the work to be performed pursuant to this Consent Decree, Defendant has taken these steps to decrease the likelihood of other such releases and mitigate any future release: it has completed all SPCC requirements, including installation of adequate containment and the preparation of SPCC

plans; replaced the piping in underground sumps, replaced the
containment boxes under all diesel and gasoline dispensers,
repaired alarms, installed external alarms with light and horn
notification, installed a remote alarm monitoring system, moved
the refueling site inside the Flynn facility, established new
procedures to monitor fuel inventory and provide MTA staff
supervision for fuel deliveries,  and installed additional
controls to make sure it can quickly identify and respond to
releases and threatened releases of diesel fuel.

     F.    Defendant does not admit any liability to the United
States arising out of the transactions or occurrences alleged in
the Complaint.

     G.    The Parties recognize, and the Court by entering this
Consent Decree finds, that this Consent Decree has been
negotiated by the Parties in good faith and will avoid
litigation between the Parties, and that this Consent Decree is
fair, reasonable, and in the public interest.

     **NOW, THEREFORE**, before the taking of any testimony, without
the adjudication or admission of any issue of fact or law except
as provided in Section I, below, and with the consent of the
Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 309(b), 309(d), 311(b)(7)(E) and 311(n) of the CWA, 33 U.S.C. §§ 1319(b), 1319(d) & 1321(b)(7)(E) & 1321(n), and Section 9006(a)(1) of RCRA, 42 U.S.C. § 6991e(a)(1).  The Court has personal jurisdiction over the Parties to this Consent Decree. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which the Defendant is located, and in which the alleged violations occurred.  For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree or such action and over Defendant, and consents to venue in this judicial district.

2.   For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 309(b), 309(d) and 311(b) of the CWA, 33 U.S.C. §§ 1319(b), 1319(d) & 1321(b), and Section 9006(a)(1) of RCRA, 42 U.S.C. § 6991e(a)(1).

3.   Notice of the commencement of this action has been given to the State of California, as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

-4-

## II.  APPLICABILITY

4.   The obligations of this Consent Decree apply to and are binding upon the United States; and upon Defendant, its successors, assigns and agents, including contractors, and any other entity or person otherwise bound by law.

5.   Any transfer of ownership or operation of any portion of the Facilities to any other person must be conditioned upon the transferee's agreement to undertake the obligations required by this Decree, in a written agreement between Defendant and the proposed transferee, enforceable by the United States as third-party beneficiary of such agreement.  At least 30 days prior to such transfer, Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement acknowledging the obligations imposed by this Consent Decree, to EPA Region 9, the United States Attorney for the District of Northern California, and the United States Department of Justice, in accordance with Section XIII of this Decree (Notices).

6.   Any attempt to transfer ownership or operation of the Facilities without complying with this Paragraph constitutes a violation of this Decree.  No transfer of ownership or operation

of any portion of the Facility, whether in compliance with this Section or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented.

7.   Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents, including contractors, whose duties might reasonably include compliance with any provision of this Decree.  Defendant shall condition any contract relating to implementation of this Consent Decree upon performance of the work in conformity with the terms of the Consent Decree.

8.   In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, or agents, including contractors, to take any actions necessary to comply with the provisions of this Consent Decree.

## III.  DEFINITIONS

9.   Terms used in this Consent Decree that are defined in the CWA, RCRA, or in regulations promulgated pursuant to these statutes shall have the meanings assigned to them in the CWA, RCRA, or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

-6-

a.    "Complaint" shall mean the complaint filed by the United States in this action;

b.    "Consent Decree" or "Decree" shall mean this Decree and all appendices attached hereto (listed in Section XXI);

c.    "Day" shall mean a calendar day unless expressly stated to be a working day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

d.    "Defendant" shall mean the City and County of San Francisco acting by and through its Municipal Transportation Agency;

e.    "Discharge" shall mean the release of diesel fuel from the John M. Woods Motor Coach Facility from the underground storage tanks at Defendant's Woods Motor Coach refueling facility in late November and December 2005.

f.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States;

g.    "Facilities" shall mean the John M. Woods Motor Coach Facility, located at 1095 Indiana Street, Flynn Facility,

—7—

located at 15th and Harrison Street, the Kirkland Facility,
located at 151 Beach Street, and the Marin Facility, located at
1399 Marin Street, all of which are located in San Francisco,
California.

   h. "Incident Command System" is a standardized
on-scene emergency management construct designed to provide for
the adoption of an integrated organizational structure. ICS is
the combination of facilities, equipment, personnel, procedures,
and communications operating within a common organizational
structure.

   i. "Incident Management Team" is a comprehensive
resource (a team) which provides infrastructure support for
ongoing operations and, when requested, transitions to an
incident management function. An Incident Management Team (1)
includes command and general staff members and support personnel
other than employees and agents of Defendant; (2) has statutory
authority to take action during a response; (3) has designated
roles for members; and (4) is available at all times.

   j. "Paragraph" shall mean a portion of this Decree
identified by an Arabic numeral;

   k. "Parties" shall mean the United States and
Defendant;

-8-

l.    "Section" shall mean a portion of this Decree identified by a roman numeral;

m.    "State" shall mean the State of California;

n.    "United States" shall mean the United States of America, acting on behalf of EPA.

IV.   CIVIL PENALTY

10.  Within 60 days after entry of this Consent Decree by the Court, Defendant shall make two payments for a total sum of $250,000 as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

a.    The first payment, in the amount of $227,000, shall specify that it is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), § 4304 of Pub. L. No. 101-380, and 26 U.S.C. § 9509(b)(8).

b.    The second payment, in the amount of $23,000, shall specify that it is made toward RCRA and CWA civil penalties to be deposited into the U.S. Treasury.

Both payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance

with instructions to be provided to Defendant in writing following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of California. At the time of each payment, Defendant shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference DOJ case number 90-5-1-1-09289 and the civil action number of this case) to the United States in accordance with Section XIV of this Decree (Notices).

11. Any funds received after 11:00 a.m. Eastern Time shall be credited on the next business day. Defendant shall simultaneously provide notice of payment in writing, together with a copy of any transmittal documentation, in accordance with Section XIII of this Consent Decree (Notice). In addition, Defendant shall also provide written notice of the payment to the Oil Spill Liability Trust Fund to the following:

> National Pollution Funds Center
> 4200 Wilson Boulevard, Suite 1000
> Arlington, Virginia 22203-1804
> Commander Thomas Beistle
> United States Coast Guard
> Office of Claims and Litigation
> 2100 Second Street, S.W.
> Washington, D.C. 20593-0001

## V.   COMPLIANCE REQUIREMENTS

12.   ICS Training Requirement.   Upon entry of the Consent Decree, Defendant shall implement an Incident Command System (ICS) Training Program that, at a minimum, contains the requirements set forth in this Section V.

13.   ICS Training Coordinator.   Within 14 Days of the Court's entry of this Consent Decree, Defendant shall appoint an ICS Training Coordinator, to implement Defendant's ICS Training Program.

14.   Training Required.   Within 180 Days of entry of this Consent Decree or, for employees hired or assigned to relevant duties after entry, within 180 days of being hired or assigned to relevant duties by Defendant, all Municipal Transportation Agency ("MTA") employees in positions identified on Attachment A, or successor positions, must complete ICS Level 100 and 200 training, or must be shown to have received such training within the previous two years.   MTA employees in positions identified in Attachment B, or successor positions, who might reasonably be expected to coordinate with any Incident Management Team shall also complete ICS Level 300 and 400 training.

15.   Certification.   Defendants shall maintain certification documents to confirm employee training required by

-11-

this Consent Decree and shall make these documents available to EPA upon request.  Certification documents shall include the name, title, date of hiring, and date of each ICS training level for each employee.

16.  <u>Recertification</u>.  Defendant shall ensure that all MTA staff trained pursuant to Paragraph 14 who continue to work in positions identified in Attachment A or Attachment B renew their ICS training certification within two years of the date of the training required by Paragraph 14, or more frequently, if the MTA is provided written notice of any such requirement issued by the Federal Emergency Management Agency.

17.  <u>Contractors.</u>  Any MTA contractor, including any contractor's employees, who engages in any aspect of incident response on behalf of the MTA, must have completed ICS training at a level corresponding to the levels required by paragraph 14 for MTA employees based on the nature of their responsibilities prior to performing an incident response activity.  The MTA shall include in any contract it awards for incident response after the entry of this Consent Decree a requirement that contractor employees receive training that complies with this Paragraph.  The MTA shall develop and implement a system to

confirm that employees of any such MTA contractor have training that complies with this Paragraph.

18.   All ICS training conducted to comply with this Consent Decree, including training for MTA employees and contractors, must be FEMA-approved and certified for the relevant ICS level.

## VI.   REPORTING REQUIREMENTS

19.   Defendant shall submit the following report:

a.   Within one year after the entry of this Consent Decree, and annually thereafter until the Consent Decree is terminated, Defendant shall submit a report that shall include (1) the number of employees who received ICS training, (2) the name and position of each such employee, (3) the dates of each employee's training; (4) the level of training each employee received, and (5) steps taken by Defendant to verify that its contractors have received the required ICS training.

b.   If Defendant violates any requirement of this Consent Decree, Defendant shall notify the United States of such violation and its likely duration in writing within ten working days of the day Defendant first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, and/or to be taken, to prevent or minimize such violation.   If the cause of a violation cannot be fully

—13—

explained at the time the report is due, Defendant shall include

a statement to that effect in the report.  Defendant shall

investigate to determine the cause of the violation and then

shall submit an amendment to the report, including a full

explanation of the cause of the violation, within 30 days of the

day Defendant becomes aware of the cause of the violation.

Nothing in this Paragraph or the following Paragraph relieves

Defendant of its obligation to comply with this Consent Decree,

pay stipulated penalties, if demanded, or to provide the

requisite notice for purposes of Section VIII (Force Majeure),

if that section applies.

20.  All reports shall be submitted to the persons

designated in Section XIII of this Consent Decree (Notices).

21.  Each report submitted by Defendant under this Section

shall be signed by an official of the submitting party and

include the following certification:

> I certify under penalty of law that I have
> examined and am familiar with the
> information submitted in this document and
> all attachments and that this document and
> its attachments were prepared either by me
> personally or under my direction or
> supervision in a manner designed to ensure
> that qualified and knowledgeable personnel
> properly gathered and presented the
> information contained therein.  I further
> certify, based on my personal knowledge or

—14—

on my inquiry of those individuals
immediately responsible for obtaining the
information, that the information is true,
accurate and complete.  I am aware that
there are significant penalties for
submitting false information, including the
possibility of fines and imprisonment for
knowing and willful submission of a
materially false statement.

22.  The reporting requirements of this Consent Decree do
not relieve Defendant of any reporting obligations required by
the CWA or RCRA, or their implementing regulations, or by any
other federal, state, or local law, regulation, permit, or other
requirement.

23.  Any information provided pursuant to this Consent
Decree may be used by the United States in any proceeding to
enforce the provisions of this Consent Decree and as otherwise
permitted by law.

## VII.  <u>STIPULATED PENALTIES</u>

24.  If Defendant fails to pay the civil penalty and
interest required to be paid under Section IV of this Decree
(Civil Penalty) when due, Defendant shall pay a stipulated
penalty of $1500 per day for each day that the payment is late.
Late payment of the civil penalty and interest shall be made in
accordance with Section IV, Paragraph 10 above.  Stipulated
Penalties shall be paid in accordance with Section VII,

Paragraph 30, below.  All transmittal correspondence shall state that any such payment is for late payment of the civil penalty due under this Decree, or for Stipulated Penalties for late payment, as applicable, and shall include the identifying information set forth in Paragraph 10 above.

25.  Defendant shall be liable for Stipulated Penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

26.  Compliance Milestones.  The following Stipulated Penalties shall accrue per violation per day for each employee, contractor, or other agent, who does not receive ICS training in accordance with the requirements identified in Section V of this Consent Decree:

| Penalty Per Employee, Contractor, or Agent Per Day | Period of Noncompliance |
| --- | --- |
| $250 | 1st through 30th day |

$500                          31st day and beyond

27. <u>Reporting Requirements</u>. The following Stipulated
Penalties shall accrue per violation per day for each violation
of the reporting requirements of Section VI of this Consent
Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $250 | 1st through 30th day |
| $500 | 31st day through 60th day |
| $1000 | 61st day and beyond |

28. Stipulated Penalties under this Section shall begin to
accrue on the day after performance is due or on the day a
violation occurs, whichever is applicable, and shall continue to
accrue until performance is satisfactorily completed or until
the violation ceases. Stipulated Penalties shall accrue
simultaneously for separate violations of this Consent Decree.
Defendant shall pay any Stipulated Penalty within 30 days of
receiving the United States', including EPA's, written demand.
The United States may, in the unreviewable exercise of its
discretion, reduce or waive Stipulated Penalties otherwise due
it under this Consent Decree.

29. Stipulated Penalties and interest shall continue to
accrue during any Dispute Resolution, with interest on accrued

penalties payable and calculated at the rate established by the
Secretary of the Treasury, pursuant to 28 U.S.C. § 1961, but
need not be paid until the following:

  a. If the dispute is resolved by agreement or by a
decision of EPA that is not appealed to the Court, Defendant
shall pay accrued penalties determined to be owing, together
with interest, to the United States within 30 days of the
effective date of the agreement or the receipt of EPA's decision
or order;

  b. If the dispute is appealed to the Court and the
United States prevails in whole or in part, Defendant shall pay
all accrued penalties determined by the Court to be owing,
together with interest, within 30 days of receiving the Court's
decision or order, except as provided in Subparagraph c, below;

  c. If any Party appeals the District Court's
decision, Defendant shall pay all accrued penalties determined
to be owing, together with interest, within 15 days of receiving
the final appellate court decision.

 30. Defendant shall pay Stipulated Penalties owing to the
United States by EFT to the U.S. Department of Justice in
accordance with instructions to be provided to Defendant in
writing by the Financial Litigation Unit of the U.S. Attorney's

—18—

Office for the Northern District of California.  The transmittal
letter shall state that the payment is for stipulated penalties
and shall identify the alleged violations for which the
stipulated penalties are being paid.

31.  If Defendant fails to pay Stipulated Penalties
according to the terms of this Consent Decree, Defendant shall
be liable for Interest on such penalties, as provided in 28
U.S.C. § 1961.

32.  Nothing in this Section shall be construed to
limit the United States, including EPA, from seeking any remedy
otherwise provided by law for Defendant's failure to pay any
stipulated penalties.

33.  Subject to the provisions of Section XI of this
Consent Decree (Effect of Settlement/Reservation of Rights), the
Stipulated Penalties provided for in this Consent Decree shall
be in addition to any other rights, remedies, or sanctions
available to the United States for Defendant's violation of this
Consent Decree or applicable law.

## VIII.  FORCE MAJEURE

34.  A "force majeure event" is any event beyond the
control of Defendant, its contractors, or any entity controlled
by Defendant that delays the performance of any obligation under

-19-

this Consent Decree despite Defendant's best efforts to fulfill
the obligation.  "Best efforts" includes anticipating any
potential force majeure event and addressing the effects of any
such event (a) as it is occurring and (b) after it has occurred,
to prevent or minimize any resulting delay to the greatest
extent possible.  "Force Majeure" does not include Defendant's
financial inability to perform any obligation under this Consent
Decree.

35.  Defendant shall provide written notice, as provided in
Section XIII of this Consent Decree (Notices), within 14 days of
the time Defendant first knew of, or by the exercise of due
diligence, should have known of, a claimed force majeure event.
The notice shall state the anticipated duration of any delay;
its cause(s); Defendant's past and proposed actions to prevent
or minimize any delay; a schedule for carrying out those
actions; and Defendant's rationale for attributing any delay to
a force majeure event.  Defendant shall include with any written
notice all available documentation supporting the claim that the
delay was attributable to a force majeure event.  Failure to
give such written notice shall preclude Defendant from asserting
any claim of force majeure.

36.  If EPA agrees that a force majeure event has occurred, EPA may agree to extend the time for Defendant to perform the affected requirements for the time necessary to complete those obligations.  An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any other obligation.  Where EPA agrees to an extension of time, the appropriate modification shall be made pursuant to Section XVI of this Consent Decree (Modification).

37.  If EPA does not agree that a force majeure event has occurred, or does not agree to the extension of time sought by Defendant, EPA's position shall be binding, unless Defendant invokes Dispute Resolution under Section IX of this Consent Decree, which Defendant must do no later than ten Days after receipt of notice of EPA's decision.  In any such dispute, Defendant bears the burden of proving that each claimed force majeure event is a force majeure event; that Defendant gave the notice required by this Section; that the force majeure event caused any delay Defendant claims was attributable to that event; and that Defendant exercised best efforts to prevent or minimize any delay caused by the event, and that Defendant complied with the requirements of this Section.

## IX.   DISPUTE RESOLUTION

38.   Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  However, such procedures shall not apply to actions by the United States to enforce obligations of the Defendant that have not been disputed in accordance with this Section.

39.   Informal Dispute Resolution.  Any dispute subject to dispute resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute in accordance with Section XIII (Notices).  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 days from the date of the written notice, unless that period is modified by written agreement.  If informal negotiations resolve the dispute, Defendant shall pay accrued penalties, if any are determined in the agreement to be owing, together with interest, to the United States in accordance with Section VII (Stipulated Penalties).  If informal negotiations are unsuccessful, then the United States' position shall control

-22-

unless Defendant files with the Court a petition to resolve the
dispute within 30 days after the conclusion of the informal
negotiation period.  In any dispute under this Section,
Defendant shall bear the burden of demonstrating that its
position complies with this Consent Decee, the CWA and RCRA, and
any other applicable law, and that Defendant is entitled to
relief.

40.   The invocation of dispute resolution under this
Section shall not extend, postpone, or affect in any way any
obligation of Defendant under this Consent Decree not directly
in dispute. Stipulated Penalties together with Interest shall
continue to accrue with respect to the disputed matter from the
first day of non-compliance, but payment shall be stayed pending
resolution of the dispute. If Defendant does not prevail on the
disputed issue, Stipulated Penalties plus Interest shall be
assessed and paid as provided in Section VII (Stipulated
Penalties).

X.   INFORMATION COLLECTION AND RETENTION

41.   The United States and its representatives, including
attorneys, contractors, and consultants, shall have the right of
entry to any Facility covered by this Consent Decree, upon
presentation of credentials to:

−23−

  a. monitor the progress of activities required under this Consent Decree;

  b. verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

  c. obtain documentary evidence; and

  d. assess Defendant's compliance with this Consent Decree.

 42. Until three years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and other agents to preserve, all underlying documents from which it has compiled any report or other submission required by this Consent Decree, and all non-identical copies of all records and documents (including records or documents in electronic form) in its or its contractors' or other agents' possession or control, or that come into its or its contractors' or other agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree. This record retention requirement shall apply regardless of any corporate or institutional document-retention policy to the contrary. At any time during this record-retention period, upon request by the

United States, including EPA, Defendant shall provide copies of any documents, records or other information required to be maintained under this Consent Decree.

43.  This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

## XI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

44.  This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.  This Consent Decree shall not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CWA or RCRA, or under other federal or state laws, regulations, or permit conditions, except as to the claims alleged in the Complaint.

45.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance

-25-

with this Consent Decree shall be no defense to any action commenced pursuant to said laws, regulations, or permits. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA or RCRA, or with any other provisions of federal, state, or local laws, regulations, orders, contracts, or permits.

46. This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

47. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

48. Defendant hereby covenants not to sue, and agrees not to assert any claims related to the Discharge, or response activities in connection with the Discharge, pursuant to the CWA, OPA, or any other federal law, state law, or regulation,

including, but not limited to, any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund, or pursuant to any other provision of law.

49. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.

## XII. COSTS

50. The Parties shall bear their own costs of this action, including attorneys fees, except that the United States shall be entitled to collect the costs (including attorneys fees) incurred in any action necessary to enforce any work performance obligation under this Consent Decree, or to collect any portion of the civil penalty or any Stipulated Penalties due but not paid by Defendant.

## XIII. NOTICES

51. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

To the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-1-1-09289   AND

Dorian Young
Assistant Regional Counsel
U.S. EPA - Region 9
Office of Regional Counsel (ORC-3)
75 Hawthorne Street
San Francisco, CA 94105


To Defendant:

Nathaniel P. Ford,Sr.  Executive Director/CEO
     San Francisco Municipal Transportation Agency
1 South Van Ness Avenue, 7th Fl.
San Francisco, CA 94103

AND

Julia M.C. Friedlander, MTA General Counsel
Deputy City Attorney
1390 Market Street
San Francisco, CA  94102


52. Any Party may, by written notice to the other Parties,

change its designated notice recipient or notice address.

53. Notices submitted pursuant to this Section shall be

deemed submitted upon mailing, unless otherwise provided in this

Consent Decree or by mutual agreement of the Parties in writing.

## XIV.   EFFECTIVE DATE

54.   The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by as an Order of the Court, or a motion to enter the Consent Decree is granted, whichever occurs first.

## XV.   RETENTION OF JURISDICTION

55.   The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree pursuant to Section XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XVI.   MODIFICATION

56.   The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

## XVII.   TERMINATION

57.   After Defendant has maintained continuous satisfactory compliance with the requirements of the CWA, RCRA, and Section V of this Consent Decree for a period of three years after the

Effective Date; has complied with all other requirements of this Consent Decree; and has paid the civil penalty and any accrued Stipulated Penalties and interest as required by this Consent Decree, Defendant may submit to the United States a Request for Termination, in writing, stating that Defendant has satisfied those requirements, and all other requisite conditions for termination of this Consent Decree together with all necessary supporting documentation.

58. Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

59. If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section IX of this Decree. However, Defendant shall not seek Dispute Resolution of any dispute regarding termination under Section IX until 60 Days after service of its Request for Termination.

—30—

## XVIII.  PUBLIC PARTICIPATION

60.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree.

## XIX.  SIGNATORIES/SERVICE

61.  Each undersigned representative of Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

62.  This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

63.  Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree,

unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

64. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.  INTEGRATION/APPENDICES

65. This Consent Decree and its Appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersede all prior agreements and understandings, whether oral or written.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXI.  FINAL JUDGMENT

66. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment

between the United States and Defendant.   The Court enters this judgment as a final judgment under Fed. R. Civ. P. 58.

XXII.   <u>APPENDICES</u>

67.   The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the list of MTA employee positions to receive ICS Level 100 and 200 training;

"Appendix B" is the list of MTA employee positions to receive ICS Level 300 and 400 training.


Dated and entered this <u>10th</u>  day of <u>November 2010</u>,  ____.

**The Clerk shall close the file.**


UNITED STATES DISTRICT JUDGE
Northern District of California

FOR PLAINTIFF UNITED STATES OF AMERICA:

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

Patricia L. Hurst
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044


Adam M. Kushner, Director
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460


Cheryl T. Rose
Senior Attorney
Water Enforcement Division
Office of Civil Enforcement - OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

FOR PLAINTIFF UNITED STATES OF AMERICA:

_____
Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

_____
Patricia L. Hurst
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044

_____
Adam M. Kushner, Director
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC  20460

_____
Cheryl T. Rose
Senior Attorney
Water Enforcement Division
Office of Civil Enforcement - OECA
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

_Alena Dawis_     19 October 2009

Laura Yoshi
Acting Regional Administrator
U.S. EPA Region 9
Office of Regional Counsel (ORC 3)
75 Hawthorne Street
San Francisco, CA 94105


Dorian Young
Assistant Regional Counsel
U.S. EPA Region 9
Office of Regional Counsel (ORC 3)
75 Hawthorne Street
San Francisco, CA 94105
(415) 972-3515

FOR DEFENDANT CITY AND COUNTY OF SAN FRANCISCO:


Nathaniel P. Ford, Sr.
Executive Director/CEO
San Francisco Municipal Transportation Agency


Approved as to Form:


Julia M.C. Friedlander
Deputy City Attorney

## Appendix A

Stationary Engineers assigned to the Building and Grounds unit or any successor unit of the SFMTA

At least two 7205 Chief Stationary Engineers assigned to the Building and Grounds unit or any successor unit of the SFMTA

At least two 7335 Senior Stationary Engineers assigned to the Building and Grounds unit or any successor unit of the SFMTA

At least one 9180 Manager VI, or equivalent  Senior Operations Manager for the Building and Grounds unit or any successor unit of the SFMTA

At least one 9182 Manager VIII, or equivalent Deputy Director for Maintenance of Way, or any successor unit of the SFMTA

At least one 9180 Manager VI, or equivalent Senior Operations Manager for Bus Maintenance or any successor position

At least one each for Woods, Flynn and Kirkland 7228 Automotive Transit Shop Supervisor, or equivalent Maintenance Superintendent

To the extent that their positions are not already identified above, any MTA employee who is assigned the duties of primary, secondary or alternate site coordinator for purposes of the SPCC for each of the Woods, Flynn and Kirkland facilities.

Appendix B

At least two 7205 Chief Stationary Engineers assigned to the
Building and Grounds unit or any successor unit of the SFMTA

At least two 7335 Senior Stationary Engineers assigned to the
Building and Grounds unit or any successor unit of the SFMTA

At least two 9180 Manager VI, or equivalent  Senior Operations
Manager for the Building and Grounds unit or any successor unit
of the SFMTA

At least one 9182 Manager VIII, or equivalent Deputy Director
for Maintenance of Way, or any successor unit of the SFMTA

At least one 9180 Manager VI, or equivalent Senior Operations
Manager for Bus Maintenance or any successor position


To the extent that their positions are not already identified
above, any MTA employee who is assigned the duties of primary,
secondary or alternate site coordinator for purposes of the SPCC
for each of the Woods, Flynn and Kirkland facilities.